USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/12/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
AMIRAH A. BLACKMAN,

       **Plaintiff,**

  -against-

COMMISSIONER OF SOCIAL SECURITY,

       **Defendant.**

------------------------------------------------------------- x

19-CV-3226 (ALC)

ORDER

**ANDREW L. CARTER, JR., District Judge:**

  The Court is in receipt of Plaintiff's request to seal this matter, ECF Nos. 22–23, and the Government's opposition to this request, ECF No. 24. Plaintiff requests that we seal this case "due to online harassment" and the resultant stress and anxiety this harassment is causing Plaintiff. ECF No. 23. While the Court is sympathetic to the difficulties of litigating a case such as this *pro se*, Plaintiff has not provided a sufficient basis to overcome the strong presumption in favor of public access to judicial documents. *See United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238–39 (2d Cir. 2014) ("The notion that the public should have access to the proceedings and documents of courts is integral to our system of government."). Plaintiff does not elaborate as to the nature or degree of the online harassment, nor does she provide any indication that her predicament is "different than that facing any other social security claimant who brings her case in federal court." *Nelson v. Comm'r of Soc. Sec.*, No. 14-CV-1109, 2017 WL 1314118, at *2 (E.D.N.Y. Apr. 6, 2017). Plaintiff also does not provide any reason why the existing protections specifically afforded to Social Security litigants in the Federal Rules of Civil Procedure are inadequate in this case. *See* FED. R. CIV. P. 5.2(c) ("[I]n an action for benefits under the Social Security Act . . . any person may have electronic access to the full record at the courthouse, but may have remote electronic

access only to: (A) the docket maintained by the court; and (B) an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record.").

"The presumption of access is [] fundamental and not casually overcome." *Mirlis v. Greer*, 2020 WL 1018445, at *6 (2d Cir. Mar. 3, 2020). Plaintiff has not overcome this weighty presumption. If Plaintiff wishes to seal specific documents or information in the record, she is free to file a motion requesting that. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) ("[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (citation and quotation marks omitted). However, Plaintiff's instant request to seal this entire case is hereby **DENIED**.

**SO ORDERED.**

**Dated:** **March 12, 2020 New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**